**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

CARL DEAN SMITH,
Reg #11217-031                                                                                              **PLAINTIFF**

v.                              CASE NO. 2:11-cv-00019-JMM-JJV

UNITED STATES BUREAU OF
PRISONS; and TIMOTHY C. OUTLAW,
Warden, FCI-Forrest City                                                                        **DEFENDANTS**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, Carl Dean Smith, is incarcerated in the Bureau of Prisons (BOP), Federal Correctional Institute (FCI) - Forrest City Low in Forrest City, Arkansas. He filed a *pro se* Complaint (Doc. No. 1) pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971),[1] without prepayment of the $350.00 statutory filing fee or an Application to Proceed Without Prepayment of Fees and Affidavit. Plaintiff has, instead, submitted $5.00 towards his filing fee.

**I.   ANALYSIS**

Plaintiff filed the present action as a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. However, upon reading Plaintiff's petition, the Court determined that, in reality, Plaintiff was challenging the conditions of his confinement and his medical care pursuant to 42 U.S.C.

---

[1] In *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Court held that victims of constitutional violations by federal agents have a right to recover damages against them in federal court, just as 42 U.S.C. § 1983 provides redress for constitutional violations by state officials. *See also Hartman v. Moore*, 547 U.S. 250, 255 n.2 (2006) (explaining that "a *Bivens* action is the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983").

§ 1983.[2] Under § 1983 and the Prison Litigation Reform Act ("PLRA"), a prisoner who is permitted to file a civil action *in forma pauperis* must pay the full statutory filing fee of $350. 28 U.S.C. § 1915(b)(1). Allowing Plaintiff proceed under 28 U.S.C. § 2241 in this case is not only legally incorrect but impermissible under the statute. The Court, therefore, issued an order on March 14, 2011, ordering Plaintiff to submit either the remainder of the $350 statutory filing fee or a properly completed Application to Proceed Without Prepayment of Fees and Affidavit, with the required calculation sheet signed by an authorized official of the detention center at which he is confined within thirty days of the date of the order. (*See* Doc. No. 4). Plaintiff was also warned that his failure to comply with the Order would result in the dismissal of his Complaint without prejudice.

Plaintiff objected to the Court's "recharacterization" of his Petition by filing a Motion (Doc. No. 6) in opposition. Based on the Court's findings in the March 14 Order, the Motion was denied. (Doc. No. 7). Thereafter, Plaintiff filed a Motion for Order to Show Cause (Doc. No. 9). Plaintiff argued that the Court failed to justify why his Petition had been "recharacterized" as a complaint for relief under 42 U.S.C. § 1983. (*Id.*). Again, based on the findings in the Court's March 14 Order, Plaintiff Motion was denied. (*See* Doc. No. 10).

Plaintiff has yet to submit either the remainder of his statutory filing fee or a properly completed Application to Proceed Without Prepayment of Fees and Affidavit. The Court, thus, finds that Plaintiff's Complaint (Doc. No. 1) should be DISMISSED without prejudice.

---

[2] A § 2241 habeas corpus petition attacks the execution of a sentence, or the manner in which the sentence is being carried out. *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009); *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002). Whereas, complaints challenging the circumstances of confinement are brought under 42 U.S.C. § 1983. *Hill v. McDonough*, 547 U.S. 573, 579 (2006).

## II.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. Plaintiff's Complaint (Doc. No. 1) be DISMISSED without prejudice.

2. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations, and an accompanying Judgment would not be taken in good faith.

DATED this 16th day of June, 2011.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE